Madie W. DRAKE, Appellant,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Appellee.

No. 23621.

United States Court of Appeals Fifth Circuit.

March 21, 1967.

Rehearing Denied May 11, 1967.

Milam L. R. Wade, Dallas, Tex., for appellant.

Patrick H. Mulloy, Jr., Martha Joe Stroud, Asst. U. S. Atty., Melvin M. Diggs, U. S. Atty., Dallas, Tex., for appellee.

Before GEWIN, COLEMAN and GOLDBERG, Circuit Judges.

PER CURIAM:

Madie W. Drake, the widow of Ervin W. Drake, who died intestate, brought this action against the Secretary of Health, Education and Welfare, to obtain a judicial review of the decision of the Secretary denying disability benefits under the Social Security Act. 42 U.S.C.A. §§ 416 and 423. Decedent filed an application on September 29, 1960 for disability benefits claiming a heart impairment. After a hearing an examiner of the Social Security Administration found that Drake was not entitled to the benefits for which he had applied. The decision became the final decision of the Secretary when the appeals council denied his request for review. Drake did not further pursue the right of appeal available to him under the Social Security Act, 42 U.S.C.A. § 405. On November 9, 1962, Drake filed a second application for a period of disability alleging that he had become unable to work in December, 1954 at the age of 50 years, because of heart trouble and a crippled leg. Administratively the application was denied by the Division of Disability Operations of the Social Security Administration after the Texas Education Agency, upon evaluation of evidence by a physician and a disability examiner, found that he was not under the necessary disability.

Drake then requested a hearing which was held at Dallas on February 4, 1964. The hearing examiner before whom Mr. Drake, his attorney, his witnesses, and a vocational witness appeared, considered the case de novo and on May 26, 1964 found that Drake was not entitled to the benefits for which he had applied. The hearing examiner's decision became the final decision of the Secretary, subject to judicial review, when the appeals council, after considering additional evidence submitted, denied the request for review.

Subsequent to the time the appeals council rendered its decision Mr. Drake died and the action for judicial review was initiated by his widow, Madie W. Drake, appellant herein. The case was submitted to the district court upon the pleadings and a certified copy of the

above-mentioned administrative proceedings. In addition, the trial court received in evidence an affidavit of Drake's brother-in-law as to events immediately surrounding his death, a report on the inquest conducted and prepared by a justice of the peace, and a certified copy of the death certificate prepared by a doctor. All of these documents pointed to a coronary occlusion as the cause of death. The latter three documents are not shown in the administrative transcript filed in the district court, but they were considered by the trial court as they had been by the Social Security Administration. Each party in the trial court filed a motion for summary judgment and the district court entered a judgment adverse to appellant. During the course of the argument before us it was stipulated that the three documents would be considered by us as though they were in the transcript, and we now have them before us.

The Social Security Administrator found that the claimant had failed to establish that he had an impairment or combination of impairments of sufficient severity as to have prevented him from engaging in any substantial gainful activity, and further found that the claimant "is qualified by his training and work experience to render the work he has done in the past. There are many kinds of gainful employment that can be performed successfully and gainfully by individuals with similar mild impairments and comparable qualifications", which finding is based upon credible testimony. Though the Social Security Administration found that Drake suffered from certain non disability-bearing infirmities, it further found that none of them singly or in combination precluded him "from engaging in any substantial gainful activity from the time of the alleged onset of such disability, or prior thereto, and continuing, without interruption, to and including the effective date of his application, within the meaning of the Social Security Act, as amended."

The district court held that the Secretary's decision is supported by substantial evidence and it granted summary judgment. We affirm because a careful review of the evidence, including the three supplementary documents, convinces us that this judgment is correct. Celebrezze v. O'Brient, 5 Cir., 323 F.2d 989. Staples v. Gardner, 5 Cir., 357 F.2d 922, 923.

Affirmed.